UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CAROL MARTINEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-390-XR |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

On this day the Court considered Defendant's Motion to Dismiss for Failure to State a Claim (docket no. 3).  For the following reasons, the Court GRANTS the motion.

## I.    BACKGROUND

Plaintiff Carol Martinez filed a state court petition with an application for a temporary restraining order in the 131st Judicial District Court of Bexar County, Texas, on May 4, 2015. (Docket no. 1-1). By her lawsuit, Martinez sought to block a foreclosure sale of her property scheduled for May 5, 2014.

Martinez purchased the property located at 13034 Woller Path, San Antonio, Texas 78249 (the "Property"), on June 29, 2011.  To purchase the Property, Martinez received a loan for $137,216 from WR Starkey Mortgage, L.L.P., in exchange for executing a promissory note (the "Note") and granting a deed of trust (the "Deed of Trust") (collectively, the "Loan") in favor of WR Starkey.  Martinez admittedly defaulted on the Loan in 2012 after suffering an accident.

Docket no. 1-1 at ¶ 8.[1]

Martinez alleges Wells Fargo advised her "to submit an application for modification pursuant to the" Home Affordable Modification Program (HAMP). *Id*. at ¶ 9. She alleges she "submitted all the documents that were requested of her more than once" to refinance or modify her loan. *Id*. at ¶ 10. Wells Fargo then notified her of its intent to have a foreclosure sale on May 5, 2015. *See id*. at ¶ 11. Martinez alleges Wells Fargo told her "by phone that her loan could not be modified since it originated after 2009" after she received the notice of the foreclosure sale; though Wells Fargo had not previously told her that her application for modification or refinance was denied. *Id*. at ¶¶ 11-12. Finally, Martinez alleges that had Wells Fargo "timely informed [Martinez] of the inability to modify her loan she would have pursued other loss mitigation options; such as, in-house modification, sale, or short sale. Because of Defendant's failure to timely and properly notify [Martinez] of its decision [she] faces wrongful foreclosure." *Id*. at ¶ 13.

Martinez filed her petition in state court on May 4 and the state court granted the temporary restraining order to stop the foreclosure sale scheduled for May 5. Martinez's state court petition alleges two causes of action: (1) breach of the Deed of Trust and (2) violation of the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*. (TDCA). *Id*. at ¶¶ 14-23. Wells Fargo removed the case to this Court on May 13, properly asserting this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Wells Fargo moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on May 29, 2015. Martinez responded on June 11 (docket

---

[1] Nothing in the record indicates how or why Wells Fargo has the right to foreclose as they are not signatories of the documents provided. However, Martinez has not disputed Wells Fargo's right to foreclose or status as holder of the Note.

[2] *See* Docket no. 1 (Defendant asserting that its citizenship in South Dakota and Martinez is a citizen of Texas, and attaching evidence showing a property value of $123,150); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy).

no. 4), and Wells Fargo replied on June 15 (docket no. 5).

## II.      STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought."  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's

claim.'")).  The district court may also take judicial notice of matters of public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Wells Fargo attached Martinez's Note and Deed of Trust to the motion to dismiss and notice of removal.  They are referenced in Martinez's petition and provide Bank of America's authority to foreclose.  The Note and Deed of Trust are central to her claims.  Both are additionally a matter of public record.  The Court, therefore, will consider the Note and Deed of Trust in ruling on the motion.

## III.  ANALYSIS

Martinez's state court petition alleges two causes of action: (1) breach of the Deed of Trust for failing to give her the opportunity to pursue the range of default-curing options such as Home Affordable Modification Program [HAMP], "Home Affordable Foreclosure Alternatives ("HAFA"), proprietary modification, and any other foreclosure alternative, such as deed-in-lieu of foreclosure or short sale"; and (2) violation of the TDCA, for unlawful threats and coercion while attempting to collect a debt.  *Id*. at ¶¶ 14-23.  Wells Fargo moves to dismiss both claims arguing: (1) it was not required by the Deed of Trust to permit Martinez further modification attempts or inform her that her modification applications were rejected before foreclosing the Property; (2) HAMP does not provide a private cause of action; and (3) Martinez did not allege Wells Fargo performed any "wrongful acts" that would violate the TDCA.  The Court will grant the motion and dismiss all claims.

### A.  Breach of Contract and HAMP

Martinez alleges when she "defaulted on her mortgage, Wells Fargo was required by the terms of the deed of trust to (1) send a Notice of Default listing the specific actions to be taken to

cure the default, and (2) provide Plaintiff with at least 30 days to complete each of these specific

actions." Docket no. 1-1 at ¶ 14. The Deed of Trust provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's
> breach of any covenant or agreement . . . The notice shall specify: (a) the default;
> (b) the action required to cure the default; (c) a date, not less than 30 days from
> the date the notice is given to Borrower, by which the default must be cured; and
> (d) that failure to cure the default on or before the date specified in the notice will
> result in acceleration of the sums secured.

Docket no. 3-1 at ¶ 22. Martinez argues that if she did not "qualify for a modification, Wells

Fargo was required by the [Deed of Trust] to provide notice of a date not less than 30 days prior

to foreclosure to complete ***any other action*** to cure the default. In the event that action to cure

was unavailable to Plaintiff, Wells Fargo should have given her at least 30 days to attempt

another action to cure." *Id.* (emphasis original).

In her brief, Martinez clarifies these allegations, arguing that:

> [O]nce HAMP began . . . another opportunity to cure any alleged default was
> created. No longer was the only way to cure a default by paying the past due
> amount; now there was the possibility that a modified loan would cure any
> default, and the borrowers could stay in their home and receive a lower monthly
> mortgage payment. Defendant breached the promissory note made the basis of
> this lawsuit by failing to give Plaintiff full consideration of her application for
> home loan modification. In other words, Defendant did not allow Plaintiff an
> opportunity to cure the alleged default, and Defendant's actions constitute breach
> of contract.

Docket no. 4 at 4-5. Martinez provides no case law or statutory support for her theory that

HAMP created a new way to cure default. Instead, she cites "Making Home Affordable Program

Handbook for Servicers of Non-GSE Mortgages § 3.1,"[3] arguing it creates a rule barring lenders

from foreclosing before borrowers receive a decision on HAMP applications.

---

[3] The Court gathers Plaintiff is citing DEPARTMENTS OF THE TREASURY AND HOUSING AND URBAN
DEVELOPMENT, MAKING HOME AFFORDABLE PROGRAM: HANDBOOK FOR SERVICERS OF NON-
GSE MORTGAGES 89–90 (Version 4.4 2014) (the "Handbook").

Courts, including this one, have found plaintiffs like Martinez cannot enforce a private right of action under HAMP. *See, e.g.*, *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 586 (W.D. Tex. 2012); *Cade v. BAC Home Loans Servicing, LP*, CIV.A. H-10-4224, 2011 WL 2470733 (S.D. Tex. June 20, 2011); *Gauna v. Bank of America, N.A.*, No. SA-14-cv-728-XR (Oct. 15, 2014). Even if HAMP created an implied contractual obligation or a new opportunity to cure default, Martinez cannot enforce that HAMP right in court.[4] Martinez therefore has no claim for breach of contract under HAMP.

Further, Wells Fargo was required to notice Martinez before foreclosure in the manner required by the Deed of Trust, but neither paragraph 22 of the Deed of Trust, nor any other provision in the contract, required Wells Fargo to provide a list of all possible ways Martinez could cure the default, and Martinez has not pointed to such a provision. *See Mae v. U.S. Prop. Solutions, L.L.C.*, CIV.A. H-08-3588, 2009 WL 1172711 (S.D. Tex. Apr. 28, 2009) (granting a motion to dismiss where the petition failed to indicate which provision of the contract the defendant allegedly broke). The petition fails to state a claim for breach of contract against Wells Fargo.

**B. TDCA**

Martinez claims Wells Fargo violated three TDCA provisions: Tex. Fin. Code §§ 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19). The TDCA prohibits a debt collector from "threatening to take an action prohibited by law" when collecting a debt. TEX. FIN. CODE § 392.301(a)(8). It also prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt" or using "any other false representation or deceptive means to (1)

---

[4] The Court is very dubious of Plaintiff's substantive arguments. For example, the Handbook provides for several other events that can trigger foreclosure without completion of the loan modification review. *See* The Handbook, at 90 (permitting, for example, a lender to foreclose without officially accepting or denying the loan modification application when the lender has satisfied a "Reasonable Effort" standard).

collect a debt, or (2) obtain information concerning a consumer." TEX. FIN. CODE §§ 392.304(a)(8), (19). Mortgage servicers and assignees, like Wells Fargo here, "are debt collectors, and therefore are covered, under the TDCA." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Martinez alleges in her petition, "Wells Fargo violated [§ 392.301(a)(8)] when it threatened to take action to foreclose on the Property while [Martinez] was being considered for a modification." Docket no. 1-1 at ¶ 21. She continues:

> Specifically, a servicer is *prohibited* under Section 3.4.3 of Chapter II of the Making Home Affordable Handbook from conducting a foreclosure sale until the servicer has issued a written certification to foreclosure counsel or the trustee, attesting that *all loss mitigation options have been considered and exhausted* for a potential HAMP-eligible borrower. This certification must be provided no sooner than 7 business days prior to the scheduled foreclosure sale date or any extension thereof. Wells Fargo has not demonstrated that it issued a written certification to the trustee attesting that all loss mitigation options had been considered and exhausted. Wells Fargo refused to consider Martinez for a modification or any other foreclosure alternative prior to moving forward with the foreclosure; consequently, Wells Fargo was in violation of the [TDCA].

*Id.* at ¶ 22 (emphasis original). Wells Fargo argues it took no action prohibited by law, as it was pursuing a nonjudicial foreclosure in accordance with the Deed of Trust and Texas law, and that the TDCA does not prohibit a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3); Docket no. 3 at 6-7.

First, again, HAMP does not provide a private right of action and individuals cannot state claims under the TDCA based on it, including § 392.301(a)(8) claims. *Parr v. Deutsche Bank Nat. Trust Co.*, No. SA-13-CV-930-XR, 2014 WL 3943698, at *3 (W.D. Tex. Aug. 11, 2014) (holding a plaintiff's allegations that a bank did not provide ample time or consideration for her

loan modification was insufficient to state a claim under § 392.301(a)(8)); *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at * 6 (N.D. Tex. May 21, 2012) ("The vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent [HAMP] modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers.").   Second, Martinez has not explained how her allegations alter, in any way, Wells Fargo's usual right to conduct a nonjudicial foreclosure sale upon default, including that she believed she had a pending modification application with Wells Fargo at the time the bank sent her notice of foreclosure.   The Court finds Martinez has not stated a plausible claim because she fails to allege Wells Fargo threatened to take an action prohibited by law.   *See* § 392.301(a)(8).

Martinez also fails to plead any specific facts that could state a claim under TDCA §§ 392.304(a)(8) or 392.304(a)(19) as the petition is devoid of facts that could show that Wells Fargo "misrepresent[ed] the character, extent, or amount of a consumer debt" or used "any other false representation or deceptive means to (1) collect a debt, or (2) obtain information concerning a consumer."   Martinez argues Wells Fargo violated these sections when she, "reached out to Defendant regarding modification of her loan" and "was advised that a decision would be made as to whether she qualified for a modification," but "was never finally advised of a decision; instead, without giving [her] advance warning" Wells Fargo posted her home for foreclosure. Docket no. 1-1 at ¶ 23.   Martinez's response to the motion to dismiss does not touch on the TDCA claims.

Martinez's arguments are unpersuasive because "[d]iscussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount

or character of the debt" under §§ 392.304(a)(8) and 392.304(a)(19).  *Watson v. Citimortgage, Inc.*, No. 4:10-CV-707, 2012 WL 381205, *7 (E.D. Tex. Feb. 3, 2012), *aff'd*, 530 F. App'x 322 (5th Cir. 2013); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012) (failing to find any case law or other authority "indicating that the banks' failure to modify their loan as promised constitutes a violation of § 392.304(a)(19)"); *see also Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) ("We have previously held that statements regarding loan modifications do not concern the 'character, extent, or amount of a consumer debt' under section 392.304(a)(8).") (citing *Miller*, 726 F.3d at 723).  Because the petition lacks any other relevant factual allegations, the Court finds Martinez has failed to allege sufficient facts to support her §§ 392.304(a)(8) or 392.304(a)(19) claims to survive the Rule 12(b)(6) motion.  All of Martinez's TDCA claims are dismissed.

## IV.    CONCLUSION

For all of these reasons, Defendant's motion to dismiss (docket no. 3) is GRANTED. Plaintiff's claims are DISMISSED.  The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case.  Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 30th day of June, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE